## THE A. R. ROBINSON.

### LANE v. THE A. R. ROBINSON.

(District Court, D. Washington, N. D. July 1, 1893.)

1. TOWAGE—TUG NOT A COMMON CARRIER—NEGLIGENCE.
   The contract of towage does not subject a tug to the liability of a common carrier. She only undertakes to exercise ordinary care and skill.

2. SAME—LOSS—PRESUMPTION OF NEGLIGENCE.
   Proof of a loss suffered by a tow does not raise a presumption of negligence against the tug in the absence of additional affirmative evidence. The Webb, 14 Wall. 406, followed.

In Admiralty. Suit in rem by J. H. Lane against the steamer A. R. Robinson to recover the value of part of a raft of piles lost while being towed by said steamer. Dismissed for failure of proof to establish negligence.

Preston, Carr & Preston, for libelant.
Allen & Powell, for claimant.

HANFORD, District Judge. That there was a contract to tow a raft of piles from Brown's Bay to Seattle; that the steamer did tow said raft; and that more than one-half of the piles that were in the raft when it started escaped therefrom, and were lost, during the passage,—are facts in this case. The claim of the libelant against the tug for damages is based upon a charge that by hauling too suddenly at starting, by running too rapidly, by venturing to cross Puget sound when the weather was threatening, and by failure of the master to exercise good judgment in going ahead towards his destination after being caught by a strong wind and choppy sea, instead of changing his course and running for shelter, the loss was caused by negligence or want of care and skill on the part of the master of the steamer. But to sustain this charge in either of the particulars mentioned by a fair preponderance of the evidence the libelant has failed. The proof is not sufficient to show with any degree of clearness the real cause of the loss.

The authorities which I have consulted require me to hold that by a contract for towage service the tug does not become chargeable with the liability of a common carrier. She only undertakes to exercise ordinary care and skill in performing the service. Proof of a loss does not raise a presumption of negligence or want of ordinary care and skill, so as to entitle the injured party to damages, without additional affirmative evidence. The Webb, 14 Wall. 406. Libel dismissed.